IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| BRENT ELISENS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case Number CIV-18-230-C ) |
| STATE OF OKLAHOMA et al., | ) ) |
| Defendants. | ) |

## ORDER OF DISMISSAL

Plaintiff, appearing pro se and in forma pauperis, filed a Complaint which seeks relief for certain wrongs allegedly committed against him. Pursuant to the directives of 28 U.S.C. § 1915, the Court has reviewed the allegations of the Complaint. Of particular relevance is subpart (e)(2) of § 1915, which states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal–
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

The Court is mindful that Haines v. Kerner, 404 U.S. 519 (1972), requires a liberal construction of pro se complaints. However, the Court is not required to imagine or assume facts in order to permit a complaint to survive. Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991). Applying these standards, the Complaint must be dismissed under § 1915(e)(2)(B)(ii).

In his Complaint Plaintiff brings claims against two Oklahoma state court judges for wrongs allegedly committed in the course and scope of their judicial duties. The Court finds these claims are barred by the doctrine of judicial immunity. The Supreme Court has acknowledged that judges are entitled to absolute immunity for actions taken in their judicial capacities. See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978). This broad immunity extends to judicial acts done in error, maliciously, or in excess of authority. Id. at 356. "Accordingly, judicial immunity is not overcome by allegations of bad faith or malice . . . ." Mireles v. Waco, 502 U.S. 9, 11 (1991). Rather, immunity can be overcome only in two circumstances. "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." Id. at 11-12 (internal citations omitted). Plaintiff's allegations do not fall within either exception.

Although Plaintiff includes the State of Oklahoma in the style of his Complaint, he raises no factual assertions against that entity. Indeed, the State is not mentioned any other place in the Complaint. Accordingly, the Court finds no claim is brought against the State of Oklahoma.

Plaintiff also brings claims against two attorneys and two other persons with whom he previously had a personal relationship. As to these claims, Plaintiff has failed to offer any basis for the Court to exercise subject matter jurisdiction. Plaintiff states he brings

his claims pursuant to 42 U.S.C. § 1983. However, he fails to offer any facts establishing any of these four individuals acted under color of state law. Further, he fails to offer any facts demonstrating a violation of constitutional or federal statutory rights. Thus, Plaintiff has failed to plead a § 1983 claim.

For the reasons set forth herein, the Court finds that Plaintiff's Complaint fails to state a claim on which relief can be granted. Accordingly, pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's Complaint (Dkt. No. 1) is DISMISSED without prejudice. A separate judgment will issue.

IT IS SO ORDERED this 27th day of March, 2018.

ROBIN J. CAUTHRON
United States District Judge